HAWAIIAN TRUST COMPANY, LD., ADMINISTRA-
    TOR OF THE ESTATE OF GENEVIEVE DOW-
    SETT DUNBAR, DECEASED, *v.* HENRY WATER-
    HOUSE TRUST COMPANY, LD., JAMES H.
    RAYMOND AND PHOEBE K. RAYMOND, HIS
    WIFE.

ORIGINAL.

ARGUED SEPTEMBER 24, 1907.   DECIDED SEPTEMBER 24, 1907.

HARTWELL, C.J., WILDER, J., AND CIRCUIT JUDGE DE BOLT
    IN PLACE OF BALLOU, J.

ADMINISTRATOR—*power to exchange securities.*

An administrator may exchange securities for shares of greater
value to which the decedent was entitled.

OPINION OF THE COURT BY HARTWELL, C.J.

The question submitted is whether fifty $1000 bonds num-
bered 71 to 120, secured by a trust deed of the Raymond ranch
property, bought of the defendants Raymond and his wife by
Genevieve Dowsett Dunbar, can be exchanged by the adminis-
trator for fifty $1000 bonds of the same date with the others
and secured by the same trust deed, the only difference being
that they are numbered 1 to 50 and being of the first series of
70 bonds, under the conditions of the deed, might become pay-
able at an earlier date and are, in the opinion of the adminis-
trator, more valuable for that reason.   The administrator
claims that the bonds were bought under circumstances which
would justify a court of equity in setting aside the sale.   Mr.
and Mrs. Raymond agree to the exchange without suit but
the Waterhouse Trust Company, which holds the bonds as
collateral security of the decedent's note for their purchase
money, declines to accept the bonds in exchange because of its
doubt of the administrator's authority to exchange.

At the close of the argument of counsel for that company the court, without calling for further argument, decided the question from the bench affirming the administrator's power to exchange the bonds. It was its duty to secure for the estate the benefit of the agreement which resulted in a sale and to obtain in place of the securities wrongfully issued—whether by mistake or otherwise does not appear and is immaterial—those which rightfully would have come to the decedent. The title of the administrator's transferee, and consequently of its assign, is as good when the exchange is made without a decree as when made pursuant to a decree which would not purport to authorize the administrator but would require the defendants to act, ordering the vendors to make good with the vendee's administrator their agreement with the vendee by substituting for the later numbered securities those of earlier numbers. The holder of a security, if a party to a suit for specific performance, could make no valid claim against a decree to rectify the agreement of purchase unless its security would be impaired in value, for it would take a good title. See *Armitage v. Metcalf*, 1 Ch. Cas. p. 74.

*Kinney & Marx* for administrator.

*A. G. M. Robertson* for J. H. and Mrs. Raymond.

*Castle & Withington* for Waterhouse Trust Company.